**Elliot G. STEINBERG, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 00–70174.

Tax Court No. 44873–85.

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2001.*

Decided July 20, 2001.

Before SNEED, WARDLAW, and BERZON Circuit Judges.

MEMORANDUM **

Appellant Elliot Steinberg and Appellee Commissioner of Internal Revenue entered a settlement agreement specifying Appellant's tax deficiency for the years 1980 and 1981. The Commissioner prepared a stipulated decision based on this

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

agreement. Appellant refused to sign the decision, contending that the 1980 tax deficiency should be reduced by offsetting a 1973 tax overpayment of $67,078. The Commissioner disagreed, and Appellant sought an order compelling the Commissioner to allocate $67,078 from Steinberg's 1973 tax overpayment toward his 1980 tax deficiency.

The Tax Court held that it lacked jurisdiction to enter this order. We affirm.

## I.

Appellant owes a $297,478 income tax deficiency for the 1980 tax year and a $167,178 deficiency for the 1981 tax year. These deficiencies were the result of tax motivated transactions and therefore subject to penalty interest. In addition, Appellant overpaid his taxes in both 1973 and 1974, in the amounts of $101,286 and $4,649 respectively.

In 1989, the Commissioner refunded the 1973 overpayment by check pursuant to 26 U.S.C. § 6402(a).[1] Appellant returned the refund check to the Commissioner with instructions to apply the overpayment to various tax years where underpayments had been assessed or were currently in dispute. Specifically of relevance to this appeal, Appellant instructed the Commissioner to allocate $67,078 of the 1973 overpayment to the 1980 tax year.

The Commissioner did not comply with Appellant's request. Instead, the Commissioner applied the 1973 tax overpayment to an existing 1975 tax liability. Appellant subsequently sought an order in the Tax Court directing the Commissioner to reallocate $67,078 to the 1980 tax deficiency.

## II.

26 U.S.C. § 6402(a) authorizes the Commissioner to either credit an overpayment toward any tax deficiency owed by the taxpayer or refund the overpayment with interest. The Tax Court has no jurisdiction to "restrain or review" the Commissioner's choice to credit or refund an overpayment. 26 U.S.C. § 6512(b)(4). Nor may the Tax Court overrule the Commissioner's designation as to which tax liability should be credited. 26 U.S.C. § 6402(a); *United States v. Ryan (In re Ryan)*, 64 F.3d 1516, 1524 (11th Cir.1995) ("IRS has the discretion to designate the application of overpayments among a taxpayer's various tax liabilities"); *Estate of Bender v. C.I.R.*, 827 F.2d 884, 887 (3d Cir.1987) ("[T]he discretionary power to offset the [taxpayer's] net annual overpayments against his net annual liabilities from other years rests exclusively with the IRS.").

In short, the Commissioner was under no obligation to comply with Appellant's requested allocation of his overpayment. Appellant attempts to circumvent this authority by characterizing the overpayment as a "deposit in the nature of a cash bond." Appellant contends that the return of the check must be considered a deposit because he did not intend it to be a payment on an existing tax liability. He further argues that the Tax Court has jurisdiction to review the refusal of the Commissioner to apply a deposit as requested by the taxpayer.

---

1. 26 U.S.C. § 6402(a) provides, in pertinent part:

    In the case of any overpayment, the Secretary ... may credit the amount of such overpayment ... against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall ... refund the balance to such person.

Whether the disputed funds constitute a payment or a deposit does not, as Appellant argues, depend on the taxpayer's intent. *Ehle v. United States*, 720 F.2d 1096, 1097 (9th Cir.1983) ("That [Petitioner] may have intended the amounts withheld to be a deposit rather than a payment is irrelevant under the terms of [the statute] ."). Rather, it rests on the Tax Code's characterization of the remittance. *Ott v. United States*, 141 F.3d 1306, 1309 (9th Cir.1998) (applying "statutory analysis to determine whether remittances constituted deposits or payments").

In the present case, the disputed funds were treated at all times as an overpayment as defined by 26 U.S.C. § 6401 (overpayment is the excess of refundable credits over imposed taxes). The funds became available when the Tax Court determined that Appellant had made overpayments on his 1973 tax return. In his correspondence with the Commissioner, Appellant identified the disputed funds as the result of an overpayment. In addition, Appellant never exercised ownership over the funds and he never complied with the procedural requirements for remitting a deposit. Rev. Proc. 84–58 § 4.01(2) (taxpayer remitting a deposit must specifically designate it as such in writing).

The Commissioner, in turn, treated the funds as an overpayment, electing to refund the money with interest calculated at the overpayment rate pursuant to 26 U.S.C. § 6402. *Compare, Shubert v. CIR*, 41 T.C. 243, 248, 1963 WL 1273 (1963) (remitted funds considered a deposit, in part, because IRS placed them in an interest free "suspense account" pending assessment of taxes); *Rosenman v. United States*, 323 U.S. 658, 660, 65 S.Ct. 536, 89 L.Ed. 535 (1945) (same).

Appellant offers no support for his contention that the overpayment was, in fact, a "deposit in the nature of a cash bond."

The funds remained properly characterized as an overpayment subject to credit or refund at the Commissioner's discretion. The Tax Court had no jurisdiction to review or restrict this exercise of discretion.

The judgment of the Tax Court is affirmed.