T.C. Memo. 2009-72


UNITED STATES TAX COURT



GLEN ROBERT BROEMER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 12000-07L.              Filed March 31, 2009.



Glen Robert Broemer, pro se.

<u>Michael W. Tan</u>, for respondent.



MEMORANDUM OPINION


GERBER, <u>Judge</u>:  This matter is before the Court on

respondent's motion for summary judgment under Rule 121.[1]

_____

[1]Petitioner also filed a motion to compel responses to interrogatories pursuant to Rule 71, which is addressed in this opinion.  Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

Respondent seeks summary judgment on the question of whether collection may proceed in accordance with notices of determination sent to petitioner. Respondent made the determination to proceed to collect by levy petitioner's 1990, 1993, and 2003 tax liabilities and a frivolous return penalty for 2004. Petitioner seeks review of that determination under section 6330.

The issues for consideration are: (1) Whether respondent's determination to proceed with collection was an abuse of discretion and (2) whether petitioner's motion to compel responses to interrogatories was timely or appropriate.

## Background

Petitioner resided in California at the time his petition was filed. He failed to file Forms 1040, U.S. Individual Income Tax Return, for his 1990 and 1993 tax years. For each year respondent prepared substitutes for returns under section 6020(b) and determined deficiencies in income tax with additions to tax. Although petitioner was sent statutory notices of deficiency, he did not petition this Court in response to those notices. Respondent assessed the deficiencies with additions to tax and interest and on March 16, 2001, filed notices of Federal tax lien. Petitioner did not seek review of respondent's actions under section 6320. Respondent's records indicate that

collection due process (CDP) notices were mailed to petitioner on March 11, 2001.

Petitioner filed a late return for the 2003 tax year. Respondent determined additions to tax and interest for that year. Petitioner did not fully pay the assessed tax liability. On October 2, 2006, respondent sent petitioner a notice of intent to levy for 2003.

Petitioner filed a return for the 2004 tax year, but respondent deemed the return and accompanying statements to be frivolous. Respondent accordingly assessed a $500 penalty under section 6702. On October 2, 2006, respondent sent petitioner a notice of intent to levy for the 2004 frivolous return penalty.

On October 10, 2006, petitioner requested a CDP hearing for 1990, 1993, 2003, and 2004. The CDP hearing[2] was conducted by telephone on April 13, 2007. At that time, petitioner's total unpaid tax liability for the 1990, 1993, 2001, 2002, 2003, 2004, and 2005 tax years was $28,072.[3]

---

[2]The hearing was treated as an equivalent hearing for 1990 and 1993. However, respondent was unable to produce a certified mail list proving the CDP notices were sent and conceded the timeliness of petitioner's CDP request. Under Craig v. Commissioner, 119 T.C. 252 (2002), the equivalent hearing is thus treated as a collection due process hearing (CDP).

[3]The record does not indicate whether CDP notices were given to petitioner for the 2002 and 2005 tax years, and petitioner apparently did not request a CDP hearing for those years. For 2001, petitioner's CDP request was untimely, and respondent's determination is therefore not subject to review.

At the CDP hearing petitioner did not contest the amount or existence of his tax liability. He raised only the issue of "estoppel". He argued that the proposed collection action should not proceed while he had claims pending against the Government and that the value of those claims far exceeded the amount of his tax liability. He further contended that the wrongful acts of another Government agency "estopped" respondent from collecting his unpaid tax.

Petitioner's alleged claims against the Government stem from his belief that he is or was the victim of a far-reaching Government conspiracy that began no later than the 1970s. Petitioner has filed two suits in the U.S. District Court for the Central District of California for constitutional violations and torts allegedly committed by the Government and its employees in furtherance of a conspiracy. Petitioner's District Court proceedings were combined into a single case. At the time of the CDP hearing, the District Court had dismissed the majority of petitioner's claims, leaving only three causes of action: Nuisance, intentional infliction of emotional distress, and breach of fiduciary duty.

Petitioner's allegations in the District Court case are far reaching and involve the Central Intelligence Agency (CIA). Petitioner's allegations against the Government do not involve respondent or the Internal Revenue Service (IRS). For purposes

of deciding whether there was an abuse of discretion we need not decide the issues pending in the District Court proceeding.

At the CDP hearing, petitioner did not provide any documentary proof of his allegations in the District Court case. Respondent, however, examined documents from the District Court and noted that the court had dismissed the majority of petitioner's claims. Respondent determined that the District Court case was not close to resolution and was unlikely to produce a monetary award to petitioner. Because petitioner had not submitted any financial data and had not proposed any alternatives, respondent decided to proceed with collection and issued notices of determination for the years in issue.[4]

Petitioner filed a petition with the Court to seek review of respondent's determination to proceed with collection of the unpaid tax liabilities for the years in issue. Respondent moved for summary judgment, and a hearing was held on September 8, 2008. Subsequently, on October 27, 2008, petitioner filed a motion to compel responses to interrogatories.

## Discussion

### I. Respondent's Motion for Summary Judgment

Summary judgment may be granted when there is no genuine issue of material fact and a decision may be rendered as a matter

---

[4]The decision letters issued for 1990 and 1993 are treated as notices of determination under Craig v. Commissioner, supra.

of law.  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The opposing party cannot rest upon mere allegations or denials in his pleadings and must "set forth specific facts showing that there is a genuine issue for trial."  Rule 121(d).  The moving party bears the burden of proving there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).  In this case, there is no dispute about a material fact and, accordingly, the issues may be decided on the basis of a summary judgment motion.

If a taxpayer neglects or refuses to pay a Federal income tax liability within 10 days after notice and demand for payment, the Commissioner may collect the tax by levy upon the person's property.  Sec. 6331(a).  The Commissioner generally must provide the taxpayer written notice of the right to a hearing before the levy is made.  Sec. 6330(a).  Upon a timely request, the taxpayer is entitled to an administrative hearing before an impartial officer or employee of the Appeals Office.  Sec. 6330(b).

Following the hearing, the Appeals officer must determine whether the collection action is to proceed, taking into account the verification the Appeals officer has made, the issues raised by the taxpayer at the hearing, and whether the collection action

balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

We have jurisdiction to review the determination if we have jurisdiction over the type of tax involved in the case.  Sec. 6330(d)(1); Iannone v. Commissioner, 122 T.C. 287, 290 (2004).  Under section 6330(d), as recently amended, we have jurisdiction to consider the intent to levy for a frivolous return penalty even though such penalties remain outside of our established jurisdiction for deficiency cases.  We review on an abuse of discretion standard when the underlying tax liability is not in issue.  Goza v. Commissioner, 114 T.C. 176, 182 (2000).  Petitioner did not contest the existence or amount of his underlying tax liability at the CDP hearing, so we need not consider that issue.  See Giamelli v. Commissioner, 129 T.C. 107 (2007); Magana v. Commissioner, 118 T.C. 488, 493-494 (2002); sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs.

Under the abuse of discretion standard, petitioner is required to show that respondent's actions were arbitrary, capricious, or without sound basis in fact.  See Knorr v. Commissioner, T.C. Memo. 2004-212.

Respondent's determination to proceed with collection was based on petitioner's failure to present viable alternatives.  The only issue or alternative petitioner raised at the CDP

hearing was "estoppel". Petitioner contends that the Appeals officer was dismissive of his "estoppel" claim and refused to consider the relevant facts and arguments. Though the notices of determination state "Evaluation of * * * [petitioner's] claims is beyond the scope of this hearing", the Appeals officer's declaration and the notices of determination themselves confirm that the claim was indeed considered. In determining whether that treatment of petitioner's "estoppel" claim was arbitrary or capricious, we note that petitioner has couched his claim in the form of two separate theories: Offset and equitable estoppel.

A. <u>Offset</u>

Petitioner had pending tort claims against various Government officials and agencies (which did not include the IRS). The argument petitioner presented to the Appeals officer was that the value of those claims exceeds and fully offsets the amount of his tax liabilities. He therefore claimed that respondent should be estopped from collecting his unpaid tax liabilities.

The Tax Court is a Court of limited jurisdiction lacking general equitable powers. <u>Commissioner v. McCoy</u>, 484 U.S. 3, 7 (1987). While we may apply equitable principles in deciding matters over which we are specifically granted jurisdiction, we may not exercise general equitable powers to expand that

statutorily prescribed jurisdiction.  <u>Woods v. Commissioner</u>, 92
T.C. 776, 784-787 (1989).

At the time of the CDP hearing petitioner's tort claims had
not been liquidated or established.  Evaluating the Appeals
officer's decision to reject his offset argument would require us
to determine the merits and value of the underlying claims.  None
of the cases petitioner cites give the Court jurisdiction to
adjudicate torts.  Furthermore, we have previously held that we
do not have jurisdiction to hear these types of offset claims.
<u>Watts v. Commissioner</u>, T.C. Memo. 1995-196 (claim that taxpayer
was given the office of president and owed "presidency wages");
<u>Akins v. Commissioner</u>, T.C. Memo. 1993-256 (claim that the
Federal Government was liable for taxpayer's injuries due to
negligent enforcement of criminal laws), affd. without published
opinion 35 F.3d 577 (11th Cir. 1994); <u>Randall v. Commissioner</u>,
T.C. Memo. 1993-207 (taxpayer-doctor's claim that another
Government agency acted as third party's insurer and was liable
for services rendered), affd. without published opinion 29 F.3d
621 (2d Cir. 1994).

Petitioner argues that declining to hear the offset claim
denies him an opportunity to be fully heard and deprives him of
due process.  In the case of an IRS levy, review is accomplished
through the procedures provided in section 6330.  Petitioner did
receive the hearing he was entitled to and was therefore given

the opportunity to present whatever arguments he may have had. Having chosen not to avail himself of that opportunity and present any supporting evidence, petitioner cannot now complain that he is being denied due process. Even if petitioner had presented evidence of his tort claims against other Government agencies, those claims were unproven and unliquidated and, at the time of his Appeals hearing, pending in the District Court.

Though petitioner phrases his offset claim in terms of equity, essentially he is pursuing a claim for damages against the Government. His only venue for relief on such a claim is in District Court, where he already has two cases pending. We lack jurisdiction to consider such claims, and neither section 6320 nor 6330 provides jurisdiction to hear such claims. Likewise, the Appeals officer was not in a position to adjudicate whether petitioner's claims, against the Government had merit. More importantly, being unliquidated, petitioner's claims could not be considered as assets that would be part of a collection alternative.

B. <u>Equitable Estoppel</u>

Petitioner also argued that respondent was equitably estopped from collecting the unpaid tax because of the wrongful actions of the CIA. Petitioner did not claim that <u>respondent</u> had directly engaged in any wrongdoing. Thus, the Appeals officer's decision to reject the equitable estoppel argument was not

arbitrary or capricious because petitioner did not allege any affirmative misconduct by respondent.  See Wilkins v. Commissioner, 120 T.C. 109, 112 (2003); Norfolk S. Corp. v. Commissioner, 104 T.C. 13, 60 (1995), affd. 140 F.3d 240 (4th Cir. 1998).  Petitioner presented several extraordinary theories attributing the CIA's alleged wrongdoing to respondent under color of agency law, but he provided no evidence to support his wild assertions.  In sum, petitioner's allegations were unfounded and remained part of a plenary proceeding which, at the time of the Appeals hearing, had no bearing on the question of whether respondent could proceed with collection.

C.  Conclusion

We lack the jurisdiction to consider petitioner's offset claim, and petitioner did not present the Appeals officer with a plausible claim for asserting offset or equitable estoppel.  Because petitioner presented no other viable alternatives, respondent's determination to proceed with collection was not an abuse of discretion.  For the reasons stated, we shall grant respondent's motion for summary judgment.

II.  Petitioner's Motion To Compel

Petitioner served interrogatories on respondent after the filing of the summary judgment motion.  He then moved to enforce responses to the interrogatories.

A motion to compel discovery must be filed no later than 45 days before the date set for call of the case from a trial calendar, unless otherwise authorized by the Court. Rule 70(a)(2). The date set for calendar call was September 8, 2008. Petitioner filed his motion to compel <u>after</u> that date. Because petitioner's motion to compel was untimely, his motion will be denied. Significantly, a factual basis sufficient to decide the merits of this case is contained in the Court's official record, which includes pleadings, respondent's summary judgment motion and petitioner's response, trial transcript, and exhibits.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.