T.C. Memo. 2009-153

UNITED STATES TAX COURT

TOM I. LINCIR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13205-05L.                    Filed June 29, 2009.

Michael D. Savage, for petitioner.

Benjamin J. Peeler, for respondent.

MEMORANDUM OPINION

COHEN, Judge:  This proceeding was commenced in response to

a Notice of Determination Concerning Collection Action(s) Under

Section 6330 with respect to petitioner's Federal income tax

liabilities for 1978, 1979, 1980, 1981, and 1982.

The parties agree that the Appeals officer erred in

determining that section 6621(d) interest netting was unavailable

to petitioner. The issue for decision is whether the Appeals officer abused his discretion in sustaining the proposed levy against petitioner without considering: (1) Whether section 6621(d) interest netting applies to the 1981 and 1982 additions to tax for negligence under section 6653(a)(2); and (2) whether section 6621(d) interest netting may be properly applied by the Internal Revenue Service (IRS) issuing a refund and paying petitioner taxable interest on overpayments of tax at the same rate at which petitioner is charged interest on equal amounts of underpayments of tax during periods when the overpayment and underpayments overlap, or whether offsetting is the proper method.

Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

<u>Background</u>

This case was submitted fully stipulated under Rule 122, and the stipulated facts are incorporated as our findings by this reference. Petitioner resided in California at the time his petition was filed.

During the years 1978 through 1982, petitioner and his former spouse, Diane C. Lincir (Lincir), filed joint Federal income tax returns. Petitioner and Lincir (collectively, the

Lincirs) divorced in 1992, and Lincir is not a party to this action.

On September 18, 1989, the Lincirs filed a petition in docket No. 22934-89 to contest a notice of deficiency that denied losses and deductions they claimed during tax years 1978 through 1982 in connection with the tax shelter programs known as "Dorchester" and "Merit Securities, Inc." (the lead cases). The notice of deficiency included additions to tax for negligence and other additions to tax.

On July 1, 1992, the Lincirs entered into a stipulated settlement of adjustments relating to the Dorchester program. On August 1, 1996, the Lincirs entered a stipulation wherein they agreed to be bound by the decision of this Court on the adjustments resulting from the Merit Securities, Inc. proceeding. This Court decided the Merit Securities, Inc. case in favor of the Commissioner on January 28, 1999. See Leema Enters., Inc. v. Commissioner, T.C. Memo. 1999-18, affd. sub nom. Keeler v. Commissioner, 243 F.3d 1212 (10th Cir. 2001).

After the disposition of the lead cases, the Court conducted a trial to redetermine the Lincirs' liability for additions to tax and section 6621(c) interest. Lincir v. Commissioner, T.C. Memo. 1999-98 (Lincirs' 1989 case). The Court sustained the

Commissioner's determinations that the Lincirs were liable for various additions to tax (including section 6653(a)(2) additions for 1981 and 1982) and section 6621(c) interest for the years in issue. These liabilities were attributable, in part, to the disallowance of losses from straddle transactions attributable to the lead cases that the Lincirs claimed on their tax returns. On their 1984 and 1985 tax returns the Lincirs reported gains realized from the disposition of offsetting straddle transactions and paid taxes on these gains. Timely protective claims for refunds for the taxes paid in 1984 and 1985, with interest, were filed to protect the Lincirs in the event that the losses previously claimed were disallowed.

A Rule 155 proceeding followed the Lincirs' 1989 case, wherein the parties disputed the calculations of interest and interest-sensitive additions to tax. The parties brought this matter before the Court in docket No. 22934-89. Lincir v. Commissioner, 115 T.C. 293 (2000), affd. 32 Fed. Appx. 278 (9th Cir. 2002). The issues raised in the Rule 155 proceeding included: (1) Whether interest netting under section 6621(d) should be applied in the calculation of interest due on the deficiencies for the years 1978 through 1982 and (2) whether interest netting under section 6621(d) should also be applied to

the calculation of the interest-sensitive additions to tax under section 6653(a)(2).

On October 2, 2000, this Court held that it did not have jurisdiction to decide whether the IRS must apply interest netting under section 6621(d) when calculating the increased interest penalty before such a penalty had been assessed and paid.  The Court further held that because the IRS had not computed the amount of statutory interest under section 6601, the question of the impact of section 6621(d) interest netting, if any, on the calculation of the additions to tax under section 6653(a)(2) was not ripe for review.  The Lincirs appealed this Court's decision to the Court of Appeals for the Ninth Circuit on December 19, 2000.

On February 28, 2001, while the Lincirs' appeal was pending, the IRS assessed income taxes, interest, penalties, and additions to tax against the Lincirs.  Section 6653(a)(2) additions to tax for negligence were assessed for tax years 1981 and 1982.

On July 3, 2001, the Lincirs filed a written request with the IRS asking for section 6621(d) interest netting to be applied to underpayments from 1978 through 1982, to the extent that overpayments for 1984 and 1985 were outstanding at the same time.

On February 22, 2002, the Court of Appeals for the Ninth

Circuit upheld the October 2, 2000, decision of this Court in an unpublished opinion.

On December 5, 2002, the IRS sent to petitioner a Letter L-1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to his income tax liabilities for years 1978 through 1982. The IRS did not send Lincir a Letter L-1058.

On December 30, 2002, petitioner, through counsel, timely filed a Form 12153, Request for a Collection Due Process Hearing, regarding the proposed levy. Petitioner claimed, in part, that the IRS incorrectly calculated the amounts of interest and interest-sensitive additions to tax due because these amounts may be reduced by the disposition of petitioner's request for interest netting under section 6621(d).

During the Appeals process petitioner submitted an offer-in-compromise that the Appeals officer rejected as monetarily insufficient. In the parties' filed stipulation of settled issues petitioner agreed that the Appeals officer did not abuse his discretion in determining that the IRS properly reviewed petitioner's offer-in-compromise.

In May 2005, petitioner and Lincir received checks from the IRS for the 1984 and 1985 refund amounts, with interest. The

Lincirs cashed the refund checks, used a portion to pay the Federal and State taxes due on the interest income for tax year 2005, and returned the balance of the refunds to the IRS.

On June 15, 2005, the IRS sent to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6330. In the notice, the Appeals officer determined that the proposed levy was appropriate and that interest netting was not available, and addressed the interest netting issue by noting that petitioner does not have any other accounts under examination and "[a]ny tax refunds in subsequent years to which he may have otherwise been entitled have been set off to the tax years listed above. The set off dates credited his delinquent accounts with refunds as of the presumptive date of the filed return." In a letter dated June 30, 2005, petitioner informed the Appeals officer that he had received refund checks for 1984 and 1985; thus, the refund amounts had not been "credited to the earliest delinquent years".

In February 2006, petitioner and Lincir received a Form 1099-INT, Interest Income, reporting interest income for the year 2005 that resulted from the refunds issued that year for tax years 1984 and 1985. Petitioner reported half of the interest income on his 2005 Federal and State tax returns. Lincir

reported the other half of the refunded interest on her tax returns.  At this same time, petitioner filed a protective claim for a refund with the IRS based on his calculation of the amount of Federal income tax that he paid on his 2005 return for the interest included in the refunds for 1984 and 1985.

## Discussion

Section 6330 generally provides that the IRS cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter and, if dissatisfied, with judicial review of the administrative determination.  Section 6330(c)(2)(A) provides that the taxpayer may raise "any relevant issue relating to the unpaid tax" including spousal defenses, challenges to the appropriateness of collection actions, and alternatives to collection.  The taxpayer may also raise challenges to the existence or amount of the underlying tax liability if he did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability. Sec. 6330(c)(2)(B).

Where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's

administrative determination for abuse of discretion.  See Sego
v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner,
114 T.C. 176, 182 (2000).  An abuse of discretion is defined as
any action that is unreasonable, arbitrary or capricious, clearly
unlawful, or lacking sound basis in fact or law.  See Woodral v.
Commissioner, 112 T.C. 19, 23 (1999); see also Broemer v.
Commissioner, T.C. Memo. 2009-72.

Section 6621(d), enacted as part of the Internal Revenue
Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L.
105-206, sec. 3301(a), 112 Stat. 741, provides:

> To the extent that, for any period, interest is payable
> under subchapter A [sections 6601 and 6602] and
> allowable under subchapter B [section 6611] on
> equivalent underpayments and overpayments by the same
> taxpayer of tax imposed by this title, the net rate of
> interest under this section on such amounts shall be
> zero for such period.

The parties agree that respondent's Appeals officer abused his
discretion in determining that the Lincirs were not entitled to
interest netting under section 6621(d) and that interest netting
should be applied to the calculation of interest in regard to the
underpayment interest for 1978, 1979, 1980, 1981, and 1982 and
the overpayment interest for 1984 and 1985.  However, the parties
dispute whether the application of section 6621(d) should be
extended further.

Section 6653(a)(2) Computation

Petitioner argues that the interest-netting rules of section 6621(d) apply to the section 6653(a)(2) additions to tax and, upon application, will reduce the amounts assessed for the years 1981 and 1982. Respondent asserts that section 6621(d) interest netting does not affect the computation of the section 6653(a)(2) additions to tax.

Section 6653(a)(2) provides that if a portion of an underpayment of tax is attributable to negligence, then the taxpayer shall be liable for an addition to tax in "an amount equal to 50 percent of the interest payable under section 6601" with respect to the portion of the underpayment that is attributable to negligence or intentional disregard of rules and regulations. (Section 6653(a)(2), as amended, was repealed by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7721(c)(1), 103 Stat. 2399, effective for returns due after 1989). The specific amount of a taxpayer's liability for the addition to tax under section 6653(a)(2) depends upon a computation of statutory interest payable under section 6601. Section 6601 provides that interest on underpayments of tax will be imposed at an annual rate established under section 6621.

In 1981 and 1982, section 6621 established an annual rate that applied to both overpayments and underpayments, but this section was amended to establish differing overpayment and underpayment rates by the Tax Reform Act of 1986 (TRA 1986), Pub. L. 99-514, sec. 1511(a), (b), (d), 100 Stat. 2744, 2746 (1986) (applying section 6621 to underpayments that were still outstanding at the end of 1986 as well as to new tax liabilities that arose after 1986). The interest rate imposed on underpayments was higher than on overpayments, resulting in taxpayers with overlapping periods of underpayment and overpayment interest being assessed a net interest charge. See H. Conf. Rept. 105-599, at 256 (1998), 1998-3 C.B. 747, 1010. In 1998, Congress removed this differential with the enactment of section 6621(d).

Thus, for any period during which a taxpayer is simultaneously liable for an underpayment of tax and entitled to a refund for an overpayment of tax in an equivalent amount, the net rate of interest on such amount shall be zero. Congress included an uncodified provision in enacting section 6621(d) that permits taxpayers to apply section 6621(d) to periods before the effective date of July 22, 1998, provided certain requirements are met. RRA 1998 sec. 3301(c)(2), 112 Stat. 741, as amended by

the Omnibus Consolidated and Emergency Supplemental
Appropriations Act, 1999, Pub. L. 105-277, sec. 4002(d), 112
Stat. 2681-906 (1998).

The parties agree that petitioner and Lincir are entitled to
interest netting under section 6621(d) for the calculation of
interest paid or payable regarding the underpayment interest
under section 6601, including section 6621(c) interest, for tax
years 1978 through 1982, and the overpayment interest for the
years 1984 and 1985.  Petitioner contends that interest netting
should also be applied to the additions to tax under section
6653(a)(2) assessed for 1981 and 1982 and articulates this
argument as follows:

> The Section 6653(a)(2) penalty is "50% of the interest
> payable under section 6601".  Under Section 6601
> interest is payable at the rate established in Section
> 6621.  The reference in Section 6601 to Section "6621"
> is not just a reference to Section 6621(a)(1)(A) (the
> underpayment rate), but is a reference to all of
> Section 6621, including Section 6621(d).  And under
> Section 6621(d) the rate of interest on underpayments
> offset by overpayments is zero.  Therefore, the
> interest payable under Section 6601 on such
> underpayments is zero, and the section 6653(a)(2)
> penalty on such underpayments, which is equal to 50% of
> the interest payable under Section 6601, is also zero.

In sum, petitioner's position is that before the section
6653(a)(2) additions to tax are calculated, respondent should
calculate interest based on the interest rate that results after

application of section 6621(d) interest netting--i.e., a zero interest rate.

The section 6653(a)(2) reference to section 6601 interest provides a means to calculate the addition to tax with respect to the portion of the underpayment attributable to negligent or intentional disregard for rules or regulations. Section 6601(a), as in effect for the years 1981 and 1982, provided that the interest rate is "an annual rate established under section 6621". In 1986, upon the enactment of differing overpayment and underpayment interest rates, section 6601(a) was amended by striking the above language and replacing it with "the underpayment rate established under section 6621". TRA 1986 sec. 1511(c)(11), 100 Stat. 2745. This is also the language of section 6601(a) in 1998, when section 6621(d) was enacted.

Although the addition to tax under section 6653(a)(2) is calculated based on 50 percent of the section 6601 underpayment interest, and section 6601 references "section 6621" in determining the underpayment rate, it is the underpayment rate--not the netted underpayment and overpayment rate--that is used to calculate the section 6653(a)(2) addition to tax. This follows from the purpose for enacting section 6653(a)(2):

The Congress believed that the negligence penalty should be augmented to encourage accurate compliance with tax laws.  After considering alternative ways of accomplishing this objective, the Congress decided that linking the penalty with the interest payable on tax underpayments will be an effective method of giving taxpayers an extra incentive to make sure that their actions or inactions are not negligent.  In addition, by linking the new penalty to the interest payable on underpayments, the Congress believed that there will be less incentive to delay unduly the settlement of outstanding tax disputes.  [Staff of Joint Comm. on Taxation, General Explanation of the Economic Recovery Tax Act of 1981, at 336 (J. Comm. Print 1981); emphasis added.]

Additionally, even if all of section 6621 is considered because of the cross-reference in section 6601, as petitioner argues, section 6621(d) does not apply a zero interest rate but rather provides that the net rate of interest shall be zero on equivalent underpayments and overpayments.  The underpayment interest rate, used to calculate the section 6653(a)(2) addition to tax, does not itself become zero.

Section 6621(d) does not refer to amounts that are not interest, such as penalties or additions to tax.  Similarly, the conference report accompanying RRA 1998 addressed the increased rate of interest for large corporate underpayments under section 6621(c) and provided that the net interest rate of zero under section 6621(d) would apply to that provision, but it does not mention additions to tax or penalties.  See H. Conf. Rept. 105-

599, <u>supra</u> at 256-257, 1998-3 C.B. at 1010-1011.  We conclude
that it was not an abuse of discretion for respondent to deny the
application of section 6621(d) interest netting to the
calculation of the assessed section 6653(a)(2) additions to tax
for 1981 and 1982.

<u>Refunds and Offsets</u>

A dispute also remains as to the proper implementation of
interest netting under section 6621(d).  Petitioner argues that
the only proper way to net interest is to credit overpayments
against underpayments so that no taxable interest is paid to
petitioner.  Respondent contends that interest netting may be
properly applied by decreasing the underpayment interest to equal
the amount of interest that petitioner and Lincir were paid on
the 1984 and 1985 refunds for the overlapping period.  Respondent
asserts that this accomplishes the purpose of section 6621(d)
because the rates of interest are effectively equalized, and
there is a net interest rate of zero.

The Internal Revenue Code provides two means to address
interest rate imbalances on underpayments and overpayments.
Interest netting under section 6621(d) provides for a net
interest rate of zero on equivalent amounts of underpayments and
overpayments that were outstanding during the same period.

Alternatively, offsetting is the process of crediting an overpayment against an outstanding liability pursuant to section 6402(a), and is only available if the deficiency and the overpayment are both outstanding. A special interest rule under section 6601(f), as amended by RRA 1998 sec. 3301(b), 112 Stat. 741, applies to offsetting:

> If any portion of a tax is satisfied by credit of an overpayment, then no interest shall be imposed under this section on the portion of the tax so satisfied for any period during which, if the credit had not been made, interest would have been allowable with respect to such overpayment. The preceding sentence shall not apply to the extent that 6621(d) applies.

In enacting section 6621(d) Congress indicated that in situations where interest is both payable and allowable by the same taxpayer for the same period, the Commissioner will take all reasonable steps to offset the liabilities, rather than process them separately using the net interest rate of zero under section 6621(d). See H. Conf. Rept. 105-599, supra at 257, 1998-3 C.B. at 1011; see also Rev. Proc. 2000-26, sec. 2.04(4), 2000-1 C.B. 1257, 1257 (Congress recognized that the Treasury would take some time to implement procedures to apply automatically the net rate of zero in section 6621(d)). However, section 6402(a) "'leaves to the Commissioner's discretion whether to apply overpayments to delinquencies or to refund them to the taxpayer'". See Bryant v.

Commissioner, T.C. Memo. 2009-78 (quoting Pettibone Corp. v. United States, 34 F.3d 536, 538 (7th Cir. 1994)); see also Winn-Dixie Stores, Inc. & Subs. v. Commissioner, 110 T.C. 291 (1998) (holding that the Commissioner's determination regarding whether to offset the prior years' overpayments against the present years' underpayments affected the interest due on the present years' underpayments); Steinberg v. Commissioner, T.C. Memo. 1999-311, affd. 19 Fed. Appx. 498 (9th Cir. 2001).

In general, the IRS will not use section 6621(d) to eliminate interest rate imbalances if, through crediting, the IRS has eliminated the differing rates.  See sec. 6402(a); sec. 301.6402-1, Proced. & Admin. Regs.  Thus, section 6621(d) operates as a safety net, needed if there is no prior crediting because there has been a refund or tax payment.  See, e.g., Gen. Elec. Co. & Subs. v. United States, 103 AFTR 2d 2009-858, 2009-1 USTC par. 50,234 (Fed. Cl. 2009).

Respondent sent to petitioner a refund for the overpayments, with interest, and has agreed that section 6621(d) interest netting applies, thus eliminating the interest rate imbalances. We conclude that there was no abuse of discretion for respondent not to offset outstanding overpayments and underpayments.

To reflect the foregoing and the stipulation of settled

issues,

Decision will be entered

under Rule 155.