T.C. Memo. 2013-243

UNITED STATES TAX COURT

RICHARD LEE BUCKNER AND ELIZABETH ANN BUCKNER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14754-11.                              Filed October 28, 2013.

  R issued a mathematical or clerical error notice to Ps for the
2008 tax year, which gave rise to an overpayment of $7,714.  R
applied $5,570 of the overpayment against tax owed for the 2004,
2006, and 2007 taxable years.  R subsequently audited Ps' 2008 tax
return and issued a notice of deficiency determining a deficiency in
income tax of $6,829.

  <u>Held</u>:  This Court lacks jurisdiction to review R's application
of the overpaid amount determined in the mathematical or clerical
notice with respect to tax liabilities other than for 2008, the year for
which the notice of deficiency was issued.

  <u>Held</u>, <u>further</u>, R may issue a notice of deficiency for the same
taxable year for which a mathematical or clerical notice was
previously issued.

Richard Lee Buckner and Elizabeth Ann Buckner, pro se.

<u>Linette B. Angelastro</u>, for respondent.

**[*2]**        MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of a deficiency in income tax respondent determined for petitioners' 2008 tax year.[1]

After concessions by the parties,[2] the only issues for decision are (1) whether respondent properly applied the overpayment determined in the mathematical or clerical notice for 2008 was properly against tax owed for the 2004, 2006, and 2007 taxable years and (2) whether respondent may determine a deficiency for a taxable year, 2008, for which a mathematical or clerical error notice of overpayment was previously issued.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the taxable year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The parties agree that in the 2008 tax year petitioners received taxable dividends of $278, Social Security benefits of $18,704, interest income of $969, taxable retirement income of $57,936, a taxable individual retirement account distribution of $1,888, and a tax refund of $288 from the State of California. Respondent also determined in the statutory notice of deficiency that petitioners had additional withholding of $401 for the 2008 tax year over the amount reported on their 2008 Federal income tax return.

**[*3]**                                   FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of the parties with accompanying exhibits are incorporated herein by reference.[3] At the time the petition was filed, petitioners resided in California.

General Background

Petitioners timely filed their joint Federal income tax return for the 2008 taxable year. Petitioners self-prepared their Federal income tax return, which inter alia contained various mathematical errors. Petitioners' Federal income tax return had items of income on incorrect lines and contained strikeouts, whiteouts, and figures in the margin. On the basis of the amounts reported in the filed 2008 Federal income tax return, respondent corrected the mathematical errors and calculated a negative taxable income for the 2008 taxable year. On August 24, 2009, respondent issued a mathematical or clerical error notice (error notice), Notice CP16, to petitioners for the 2008 tax year. The error notice explained that

---

[3]Respondent objected at trial to Exhibits 15-P, 20-P, 22-P through 28-P, and 31-P through 35-P on the grounds of relevance. Fed. R. Evid. 401 states: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." We sustain respondent's objections and hold that the exhibits do not tend to make any relevant fact more or less probable. At trial petitioners objected to Exhibit 3-J on the grounds of completeness. Petitioners have subsequently withdrawn that objection.

[*4] petitioners made errors on their 2008 tax return resulting in an overpayment and that a credit was to be issued. According to respondent, petitioners owed Federal income tax for the 2004, 2006, and 2007 taxable years of $558, $4,674, and $336, respectively. As stated in the error notice, respondent applied $5,570[4] of the total $7,414 overpayment credit to the amounts owed for the 2004, 2006, and 2007 taxable years. The error notice stated that if petitioners disagreed with the error notice, then they were permitted to file with the Secretary a request for abatement of the assessment within 60 days of the mailing of the error notice. See sec. 6213(b)(2). On August 24, 2009, a check for the remaining $1,844 was sent to the petitioners. Petitioners cashed the refund check and did not timely respond to the error notice.

The Notice of Deficiency

Respondent audited petitioners' 2008 tax return and proposed various adjustments resulting in an increase in their taxable income. On March 21, 2011, respondent issued a notice of deficiency for the 2008 taxable year determining a deficiency of $6,829. Respondent and petitioners now agree on the amount of income petitioners received for the 2008 taxable year.

---

[4]All dollar amounts are rounded to the nearest dollar unless otherwise specified.

**[*5]**                                    OPINION

Mathematical or Clerical Error Notice

On account of the mathematical or clerical errors on petitioners' 2008

Federal income tax return respondent calculated and assessed tax pursuant to

section 6213(b)(1). That assessment resulted in an overpayment of tax for the

2008 taxable year. The term "mathematical or clerical error" includes an error in

addition as well as "an entry on a return of an item which is inconsistent with

another entry of the same or another item on such return". Sec. 6213 (g)(2)(C).

Petitioners' 2008 Federal income tax return contained addition errors as well as

incorrect placement of certain income items. Accordingly, respondent's

assessment (although differing in amount of tax due from that shown on the

Federal income tax return as filed) arising out of the error notice is valid.

If petitioners disagreed with the error notice, then they were permitted to

dispute it by filing with the Secretary a request for abatement of the assessment

within 60 days of the mailing of the error notice. See sec. 6213(b)(2). Petitioners

do not allege that they filed such a request. Therefore, 60 days after notifying

petitioners of the error notice respondent was permitted to revise the tax assessed

for 2008. That revision resulted in an overpayment. See sec. 6213(b)(1). On April

**[*6]** 15, 2009, respondent applied $5,570 of the $7,714 overpayment for 2008 to amounts previously assessed for the 2004, 2006, and 2007 taxable years.

Petitioners believe that respondent should not be permitted to apply the error notice overpayment from the 2008 year against tax due for the 2004, 2006, and 2007 taxable years. Specifically, they contend they paid their 2008 tax and if $5,570 of that payment had not been applied for 2004, 2006, and 2007 there would be no tax deficiency for the 2008 taxable year. They also contend that they did not owe any additional tax for 2004, 2006, or 2007 and that by applying the 2008 payment for those years respondent is preventing them from contesting, in a prepayment status, whether they owed tax for those years.

Section 6402(a) permits the Commissioner to apply a credit arising from an overpayment to any tax liability then due arising under the Internal Revenue Code for the same taxpayer. Under section 6512(b)(4), this Court lacks jurisdiction to restrain or review any credit or refund made by the Commissioner under section 6402. See Savage v. Commissioner, 112 T.C. 46, 48-49 (1999); Winn-Dixie Stores, Inc. v. Commissioner, 110 T.C. 291, 293-294 (1998); Steinberg v. Commissioner, T.C. Memo. 1999-311, aff'd, 19 Fed. Appx. 498 (9th Cir. 2001). Accordingly, we lack the power to review respondent's action in retaining $5,570

**[\*7]** of the overpayment resulting from the error notice and applying it against the 2004, 2006, and 2007 liabilities.[5]

Notice of Deficiency

A timely petition in response to a timely notice of deficiency invokes this Court's jurisdiction over the taxable year at issue. See sec. 6213(a)(2). On March 21, 2011, respondent issued a timely notice of deficiency for petitioners' 2008 taxable year. Petitioners filed a timely petition with this Court on June 21, 2011, which had been mailed to the Court in the U.S. mail on June 17, 2011. Therefore, this Court has jurisdiction over petitioners' 2008 taxable year. See sec. 6213.

The Commissioner is permitted to issue a notice of deficiency for the same taxable year for which he has previously adjusted a taxpayer's Federal income tax return on the losses of an error notice. See sec. 6213(b)(1). Accordingly, respondent's issuance of the notice of deficiency was valid.

---

[5]Petitioners also claimed they should be entitled to a medical expense deduction for 2008 higher than the amount respondent originally allowed. Specifically, petitioners claimed an increase in their medical expense deduction for additional automobile mileage and for medical and dental insurance costs they paid. Deductions are a matter of legislative grace, and petitioners bear the burden of proving their entitlement to them. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners did not submit any evidence to support this claim for any additional medical expense deductions for their 2008 tax year. Thus, an increased deduction is denied.

**[*8]** <u>Tax Years 2004, 2006, and 2007</u>

When petitioners challenged the notice of deficiency for the 2008 taxable year, the Court was granted jurisdiction over that year. <u>See</u> sec. 6213 (a). Petitioners claim that respondent's determinations of Federal income tax owed for the 2004, 2006, and 2007 taxable years are incorrect. Respondent asserts that the tax liabilities are correct. The 2008 notice of deficiency allows the Court to review only the 2008 taxable year.[6] The 2004, 2006, and 2007 taxable years are not before the Court.

<u>Conclusion</u>

We lack jurisdiction to review respondent's application of tax credits associated with the error notice to taxes owed for years other than 2008, the year for which the deficiency notice was issued. Further, respondent is permitted to subsequently issue a notice of deficiency for the same taxable year as the error notice. We have considered all of petitioners' contentions, arguments, requests, and statements. To the extent not discussed herein we conclude that they are meritless, moot, or irrelevant.

---

[6]While there are exceptions, such as carryforwards or carrybacks which may bring other taxable years into issue, petitioners do not allege any such exception is applicable here. <u>See</u> <u>Barenholtz v. United States</u>, 784 F.2d 375, 380-381(Fed. Cir. 1986).

**[\*9]**   To reflect the foregoing,

Decision will be entered under

Rule 155.
