

# United States Tax Court
Washington, DC 20217

Joseph C. Honer, Jr.,

      Petitioners

      v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent

Docket Nos.  3985-20.

## ORDER

      Pursuant to Rule 152(b), Tax Court Rules of Practice and Procedure, it is

      ORDERED that the Clerk of the Court shall transmit herewith to petitioner and to respondent a copy of the pages of the transcript of the trial in the above captioned case before Judge Christian N. Weiler at Tampa, Florida on March 30, 2022, containing his Oral Findings of Fact and Opinion rendered at the trial session at which the case was heard.

      In accordance with the Oral Findings of Fact and Opinion, decision will be entered for respondent.

**(Signed) Christian N. Weiler
Judge**

**Served 04/28/22**

Bench Opinion by Judge Christian N. Weiler

March 30, 2022

Joseph C. Honer, Jr. v. Commissioner

Docket No. 3985-20

THE COURT: The Court has decided to render oral findings of fact and opinion in this case, and the following represents the Court's oral findings of fact and opinion. The oral findings of fact and opinion shall not be relied upon as precedent in any other case.

This bench opinion is made pursuant to the authority granted by I.R.C. §7459(b) of the Internal Revenue Code of 1986, as amended, and Rule 152 of the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Joseph C. Honer, Jr., petitioner, resided in Florida at the time his petition was filed, and appeared at trial pro se. *Chardea C. Murray* appeared on behalf of the Commissioner of Internal Revenue, respondent.

This case arises from a notice of deficiency dated January 6, 2020, issued to petitioner proposing an increase in tax of $6,491, and an addition to tax under section 6662 in the amount of $1,298 for the 2017 tax

year.  Petitioner timely filed his petition with the Tax Court on February 27, 2020.

Before trial the parties agreed that petitioner underreported his gains on the sales of securities by $26,255, and dividends of $9,775 for 2017.  Before trial respondent conceded that petitioner is not liable for the addition to tax under section 6662.  The remaining issues for trial are whether petitioner is liable for a tax deficiency and whether petitioner has an overpayment for 2017.

*Findings of Fact*

The parties filed with the Court a stipulation of facts, with accompanying exhibits, that is incorporated herein by this reference.

Petitioner timely filed his personal income tax return for 2017, reporting adjusted gross income of $139,441, taxable income of $103,687, and tax liability of $23,328.  In total, petitioner paid $36,424 in taxes for 2017, which consisted of tax withholding of $6,000, estimated tax payments of $20,000, and carry forward credits from a prior tax period of $10,424.  On his 2017 tax return, petitioner chose to apply any overpayment of his taxes to the 2018 tax year and the Internal Revenue Service (hereinafter "IRS") applied $13,096 to petitioner's 2018 tax year.  Petitioner has an overpayment

or credit balance for 2018 and refund checks have been issued to petitioner.

In 2020 the IRS conducted a review of petitioner's 2017 tax return. The IRS received a third-party report from Vanguard Brokerage Services reflecting taxable dividends of $9,775 received by petitioner in 2017. The IRS also received third-party reports from Boston Financial Data Services and Vanguard Brokerage Services, reflecting sale of taxable securities by petitioner of $103,056. Petitioner's 2017 income tax return reported no dividends and the sale of taxable securities of $76,701.

Based on these third-party reports, the IRS adjusted petitioner's return by including as additional income dividends of $9,775 and additional sales of taxable securities of $26,355, which is the difference between the amount reported from third-parties and the amount shown on petitioner's 2017 tax return.

On March 2, 2022 respondent filed a motion for entry of decision based on the filed stipulation. On March 14, 2022, petitioner filed his response opposing respondent's motion for entry of decision. On March 16, 2022, petitioner filed a motion for declaratory judgment. During trial petitioner and respondent both withdrew their respective motions. At trial, petitioner also moved to

seek sanctions against respondent and requested that the Court hold respondent in contempt.

*Opinion*

I. *Summary of Petitioner's Arguments*

Petitioner contends that respondent acted in bad faith in handling his case and objects to the length of time this matter has taken to be resolved. Petitioner disputes there is a deficiency in tax owed and points the Court to the amount of tax he paid for 2017. In other words, petitioner argues there is no tax deficiency since the total tax due - as adjusted to include the deficiency - would still reflect an overpayment after considering the amounts paid.

In short petitioner's argument conflates the issue of a tax deficiency with the issue of whether there is an overpayment of tax. The two issues are not synonymous; rather, they are parallel issues and will be separately addressed herein by the Court.

II. *Is a Tax Deficiency Due by Petitioner?*

When the IRS determines that there is a deficiency in tax due, the IRS is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. *See* I.R.C. § 6212. When a petition is timely filed by a taxpayer in response to the IRS notice, the Tax Court has jurisdiction to redetermine

the correct amount of the deficiency. *See* I.R.C. § 6214. The redetermined deficiency as decided by the Tax Court is then assessed by the IRS. *See* I.R.C. § 6215.

We find that petitioner is liable for a tax deficiency of $6,491. This tax deficiency is based on the stipulated adjustments to petitioner's 2017 tax return, and includes the additional income that was not originally reported by petitioner of taxable dividends of $9,775 and sale of securities of $26,355.

III. *Is there an Overpayment by Petitioner?*

Based on the original return as filed by petitioner, there was an original overpayment of the tax of $13,096. Petitioner argues that after the increased tax deficiency of $6,491, no balance should remain since the tax deficiency is less than petitioner's overpayment amount. However, petitioners argument fails to consider how he directed the overpayment amount to be carried forward to 2018. The IRS honored petitioner's request and applied $13,096 to petitioner's 2018 tax year. Consequently, we find no overpayment remains for 2017.

IV. *Can the Court Require the IRS to Apply Petitioner's Overpayment for 2018 to His 2017 Tax Deficiency?*

Under section 6512(b)(1) we have jurisdiction to find that there is a deficiency in tax, or to find that there is no deficiency in tax, and, in either situation,

we also have jurisdiction to determine whether there has been an overpayment. *Steinberg v. Commissioner*, T.C. Memo. 1999-311, *aff'd*, 19 F. App'x 498 (9th Cir. 2001). However, the Tax Court is a court of limited jurisdiction and a timely filed petition in response to a notice of deficiency only invokes the Court's jurisdiction over the tax year at issue. *See* I.R.C. § 6213(a).

Accordingly, our jurisdiction in this case is limited to petitioner's 2017 tax year, and we have no jurisdiction to order the IRS to offset or apply petitioner's 2018 overpayment amount to petitioner's tax deficiency for 2017. *See Savage v. Commissioner*, 112 T.C. 46 (1999); *Buckner v. Commissioner*, T.C. Memo. 2013-243.

Although we do not have jurisdiction to order the IRS to apply the overpayment amount from 2018 to 2017, this may very well be done by the IRS once the 2017 tax deficiency amount is assessed against petitioner, after a decision is entered by the Tax Court.

V.       *Other Issues Raised by Petitioner at Trial*

At trial petitioner also moved to seek sanctions and requested an amount of $250, reflecting what he considered to be costs he incurred in this case, comprising of filings fees, certified mailings, and transportation costs.

Under the current circumstances, any delays in



the handling of this case were not intentional but were likely caused by the COVID-19 pandemic. Petitioner's arguments for sanctions are entirely unsubstantiated. Therefore, we deny petitioner's request.

Finally, petitioner requested that we hold respondent in contempt of court; however, petitioner provides no evidence of respondent failing to comply with any order of the Court. Accordingly, we likewise deny this request.

Consistent with the preceding discussion, a decision will be entered for respondent.

This concludes the Court's oral findings of fact and opinion in this case.

(Whereupon, at 10:43 a.m., the above-entitled matter was concluded.)

CERTIFICATE OF TRANSCRIBER AND PROOFREADER

CASE NAME:    Joseph C. Honer, Jr. v. Commissioner

DOCKET NO.:   3985-20

We, the undersigned, do hereby certify that the foregoing pages, numbers 1 through 10 inclusive, are the true, accurate and complete transcript prepared from the verbal recording made by electronic recording by Adrian Morris on March 30, 2022 before the United States Tax Court at its session in Tampa, FL, in accordance with the applicable provisions of the current verbatim reporting contract of the Court and have verified the accuracy of the transcript by comparing the typewritten transcript against the verbal recording.

_____

Meribeth Ashley, CET-507                    4/3/22

Transcriber                                 Date

_____

Lori Rahtes, CDLT-108                       4/3/22

Proofreader                                 Date

